1

2

3

4

5

6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,                    CASE NO. CV F 06-1741 AWI DLB

12                          Plaintiff,           **FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

13          vs.                                  (Doc. 19.)

14  19.5 ACRES OF PASTURE LAND
    LOCATED ON WATTS VALLEY ROAD
15  IN TOLLHOUSE, CALIFORNIA, FRESNO
    COUNTY, APN: 153-290-01,
16
                            Defendant.
17  _____/

18
                            **INTRODUCTION**
19
            In this civil forfeiture action, plaintiff United States of American ("Government") seeks:
20
            1.      Default judgment against the interests of Ernesto Ceja and Laura Ceja in the defendant
21
                    real property known as 19.5 Acres of Pasture Land Located on Watts Valley Road in
22
                    Tollhouse, California, Fresno County, APN: 153-290-01(hereinafter "defendant real
23
                    property"); and
24
            2.      Entry of a final forfeiture judgment to vest in the Government all right, title and interest
25
                    in the defendant real property.
26

27

28

                                            1

1
**BACKGROUND**[1]

2
**Seizure**

3     The Government alleges that In October 2006, in the State and Eastern District of California,

4 Ernesto Ceja and others conspired to manufacture, distribute and to possess with intent to distribute

5 marijuana in both Fresno and Kings County.  The Government alleges the Ernest Ceja used the

6 defendant real property to facilitate the distribution of marijuana by cultivating and processing the

7 marijuana on the defendant real property.  The allegations contained in the Verified Complaint arose out

8 of the same investigation underlying the parallel criminal prosecutions of Ernesto Ceja and Jesus Ceja

9 in *United States v. Ernesto Ceja, et.al.,* 1:06-CR-00387-AWI.  On October 17, 2007, law enforcement

10 officers executed a search warrant at the defendant real property.  As a result of the search law

11 enforcement officers located and seized 223 marijuana plants which were growing on the defendant real

12 property.  Law enforcement officers also located 485 marijuana plants hanging to dry, three boxes of

13 processed marijuana, one black bag containing fourteen one pound bags of processed marijuana, and

14 marijuana trimmings.  Additionally, law enforcement located and seized a digital scale, one box of oven

15 bags and a .22 caliber colt handgun.  In an earlier interview with Laura Ceja (wife of Ernesto Ceja),

16 Laura indicated to law enforcement that she believed Ernesto Ceja was involved in illegal drug sales and

17 that Ernesto Ceja was growing marijuana on a property which was approximately 20 acres.  The

18 Complaint additionally sets forth the facts giving rise to Ernesto Ceja's indictment for drug trafficking.

19     The defendant real property was posted with a copy of the Complaint and Notice of the

20 Complaint in a manner consistent with the requirements of 18 U.S.C. § 985 on December 18, 2006.  By

21 separate order, lodged with the court on December 4, 2006 and signed on December 12, 2006, United

22 States Magistrate Judgment Dennis L. Beck authorized public notice of the complaint to be made by four

23 publications in the <u>Fresno Business Journal</u>.  Publication in a manner consistent with the Court's order

24 was made on January 12, 19, 26 and February 2, 2007, and a declaration of such publication was filed

25 with the Court on February 15, 2007.

26 ///

27

28
[1]     The below factual recitation is based on the Government's papers and record before this Court.

2

**The Government's Claims**

On December 1, 2006, the Government filed its complaint for forfeiture in rem ("complaint") in this action to claim that the defendant real property is subject to forfeiture to the Government under 21U.S.C. § 881(a)(7) in that the defendant real property was used or intended to be used to commit or to facilitate the commission a violation of 21 U.S.C. § 841 *et.seq.*, an offense punishable by more than one year's imprisonment.

**Notice Of Forfeiture Action**

This Court issued its December 12, 2006 order for publication ("publication order") for the Government to provide public notice of the complaint by four publications in <u>Fresno Business Journal</u>. Publication in a manner consistent with the Court's order was made on January 12, 19, 26 and February 2, 2007 and a declaration of such publication was filed with the court on February 15, 2007.

On December 15, 2006, copies of the complaint, notice of the complaint, application and order for publication, lis pendens, order setting mandatory scheduling conference, notice of availability of a magistrate judge and letter dated December 4, 2006, were personally served upon Ernesto Ceja.  On December 19, 2006, copies of the above-referenced documents were personally served upon Laura Ceja.

The Government represents that on January 5, 2007, counsel granted attorney Eddie Ruiz a 30 day extension of time to file a claim in this case and on March 12, 2007, Mr. Ruiz indicated that he would not be filing on their behalf.

**Default Entries**

At the Government's request, this Court's clerk entered default in this action on March 14, 2007 against Ernesto Ceja and Laura Ceja.

**DISCUSSION**

**Complaint's Sufficiency**

The Government contends that the allegations in the verified complaint regarding the defendant real property, provide ample grounds for the Court to find that facts exist to support the forfeiture of the defendant real property.  A complaint's sufficiency is a factor to consider whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  The Government notes that the allegations in the Complaint arise from the underlying parallel criminal prosecution of Ernesto Ceja and

3

1    Jesus Ceja. Thus, according to the Government, the defendant real property is subject to forfeiture under

2    21 U.S.C. §881(a)(7) which provides for the forfeiture of "all real property, including any right, title and

3    itnerest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenance

4    or improvements, which is used or intended to be used in any manner or part to commit or to facilitate

5    the commission of a violation of this subchapter or subchapter II of this chapter." The Government

6    contends that the marijuana growth and processing occurring on defendant real property as set forth in

7    the Complaint falls squarely within the statutory language.

8    <u>**Notice Requirements**</u>

9         The Government contends that it provided required notice for the defendant real property's

10   forfeiture. The Fifth Amendment's Due Process Clause prohibits the Government to deprive property

11   without "due process of law." Individuals whose property interests are at stake are entitled to "notice

12   and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48,

13   114 S.Ct. 492 (1993). In civil forfeiture actions involving real property, Congress has eliminated the

14   ned for the issuance and service of a warrant of arrest *in rem*. 18 U.S.C. § 985(c)(3). Instead the

15   government may initiate forfeiture action against real property by "posting a notice of the complaint on

16   the property[.]" 18 U.S.C. § 985(c)(1)(B).

17        Because this action is *in rem*, it is governed by the Supplemental Rules for Certain Admiralty

18   and Maritime Claims ("Supplemental Rules"). Supplemental Rule G(4) provides for notice of forfeiture

19   proceedings by publication alone. This Court's Local Admiralty and In Rem Rules echo Supplemental

20   Rule G(4)'s notice of forfeiture action by court-ordered publication in a newspaper of general circulation

21   in the district where the action is filed. *See* Local Rule A-530. The Government accomplished such

22   notice with the publication order and publishing notice of this action and the arrest of the defendant real

23   property in the <u>Fresno Business Journal</u> in January and February 2007.

24        However, when the Government knows of an owner of defendant property, the owner has a

25   constitutional right of due process to require "the Government to make a greater effort to give him notice

26   than otherwise would be mandated by Supplemental Rule C(4)." *United States v. Real Property*, 135

27   F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice

28   by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of

4

the . . . forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002).  The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

This Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture.  The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and posting of the real property has been given by: (1) publication; (2) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (3) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.  Local Rule A-540(a).

Notwithstanding the provisions of the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with F.R.Civ.P. 4 requirements.  *See* F.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule.")

Here, the Government personally served Ernesto Ceja and Laura Ceja, the recorded owners of the defendant real property with the complaint, publication order and other papers regarding this action.  No notice issues arise as to the defendant real property.

### Failure To Answer

The Government contends that this Court's clerk properly entered defaults against Ernesto Ceja and Laura Ceja.  Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a verified claim to identify the interest or right within 30 days after the earlier of: (1) service of the Government's complaint; or (2) completion of publication notice.  Failure to comply with Supplemental

5

1 Rule G(5) requirements precludes a person to establish standing as a party to a forfeiture action. *Real*

2 *Property*, 135 F.3d at 1317.

3      As outlined above, the Government on December 15, 2006, personally served Ernesto Ceja and

4 on December 19, 2006, personally served Laura Ceja with copies of the complaint, publication order and

5 other papers related to this action. Publication notice was completed on February 2, 2007, and the

6 Government filed proof of such publication notice on February 15, 2007. More than 30 days have

7 passed since completion of publication notice and since service of the complaint on Ernesto Ceja and

8 Laura Ceja. This Court's clerk properly entered defaults upon failure of the potential claimants to

9 respond to the Government's complaint and notices.

10                                    **Default Judgment**

11      The Government seeks judgment against the interests of Ernesto Ceja and Laura Ceja in the

12 defendant real property and final forfeiture judgment to vest in the Government all right, title and interest

13 in the defendant real property. The Supplemental Rules do not provide a procedure to seek default

14 judgment in an action *in rem*. Supplemental Rule A provides: "The general Rules of Civil Procedure

15 for the United States District Courts are also applicable to the foregoing proceedings except to the extent

16 that they are inconsistent with these Supplemental Rules."

17      Default entry is a prerequisite to default judgment. F.R.Civ.P. 55(a) governs entry of default:

18 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

19 defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall

20 enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

21           Rule 55 gives the court considerable leeway as to what it may require as a
          prerequisite to the entry of a default judgment. "The general rule of law is that upon
22        default the factual allegations of the complaint, except those relating to the amount of
          damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,*
23        559 F.2d 557, 560 (9th Cir. 1977).

24 *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

25      As noted above, the Government properly obtained default entries against the interests of Ernesto

26 Ceja and Laura Ceja. There is no impediment to default judgment sought by the Government. The

27 Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture

28 judgment to vest in the Government all right, title and interest in the defendant real property. "A

judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the defaults, a final forfeiture judgment is in order for the Government.

## RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT plaintiff United States of America default judgment against the interests of Ernesto Ceja and Laura Ceja in the defendant real property;

2. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the defendant real property; and

3. ORDER plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than October 19, 2007, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and otherwise in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses to objections shall be filed and served no later than December 15, 2006 and otherwise in compliance with this Court's Local Rule 72-304(d).  The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2007**                    **/s/ Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE